## HASELTINE & a. *vs.* GUILD.

A promissory note for the payment of a certain sum of money, but executed for the purpose of indemnifying the payee against his liability as a surety for the maker on an administration bond, and to enable him to secure himself by an attachment of the property of the maker, is a valid contract, notwithstanding the payee at the time of its execution has not been damnified; the existing liability, with an implied promise to pay that amount upon the principal indebtedness, forming a sufficient consideration for the note.

But the payee will not be entitled to judgment upon it, for any greater sum than the amount he has paid, or assumed to pay, upon his liability as surety, prior to the judgment. Beyond that sum, if less than the amount of the note, the consideration must be deemed to have failed.

ASSUMPSIT, upon a promissory note, dated November 18, 1835, for $3963·12, payable to the plaintiffs, or order, on demand, and interest. The action was commenced June 13, 1838. The defendant, Guild, was defaulted, but subsequent attaching creditors were permitted to come in, and defend the suit, on giving the bond customary in such cases.

Upon the trial, at this term, the plaintiffs introduced the note described in their declaration, which it was admitted was executed by said Guild; but evidence having been introduced, in the defence, tending to show that the note might be held, in some measure, for the benefit of Guild, the plaintiffs offered to prove that on the 4th of January, 1832, Guild was appointed guardian of one Ephraim A. Searle, a minor, and on the same day gave a bond to the judge of probate, in the penal sum of $10·000, with the plaintiffs as his sureties, conditioned well and truly to disharge the office of guardian; to render a true account of such estate as

should come to his hands, and to pay and deliver what should remain in his hands, to Searle, when of full age, or otherwise, as the probate court should lawfully direct—that Guild afterwards, as guardian, received monies to the amount of the note, and for which he was liable as guardian, and the plaintiffs as his sureties, at the time of the commencement of this suit—that this note was taken for the purpose of indemnifying the plaintiffs against their liabilities on the bond, and they engaged, when the note was given, to save Guild harmless from his liability as guardian, to the extent of the money which might be recovered on the note—that Searle came of age on the third of January, 1839—and that on the 4th of the same January the plaintiffs paid Searle the sum of $2·000, and took his discharge for that sum.

The court rejected the evidence, and a verdict was thereupon taken for the defendant, by consent, subject to the opinion of this court upon the foregoing case.

*C. H. Atherton, & Haseltine,* for the plaintiffs.    The case raises the question, whether a note taken for indemnity, for having incurred any liability other than for the payment of money, is good.    We maintain that there should be no distinction.    There is a penalty in the bond.    It is a cash obligation.    It is such against the surety.    The bond may be considered as a stipulation that the party should do a certain act, or pay a sum of money.    The liability contemplated is for the payment of money.

It may be said, that the remoteness of the liability might be to the prejudice of other creditors.    There may be a difficulty in estimating the value of the liability, but that applies as strongly to money demands.    And so of the remoteness. There are reasons why the court should look with favor on this cause of action.    Cases of liability as surety, on guardianship bonds, are not liable to the same abuses as the cases of private securities.

Since the commencement of this suit an account has been

settled in the probate court, and the sum, for which the plaintiffs are liable, is near the amount of the note.

In *Carlisle* vs. *Rich*, 8 *N. H. Rep.* 44, it was held, that the surety in an administration bond had thereby created such an indebtedness that he could not give away his property. If so, the indebtedness must be good ground for a note from the principal to the surety. 17 *Pick.* 407.

A note given to indemnify against future indorsements has been held to be good against all creditors who became so subsequent to the assuming of the liabilities. 15 *Mass. R.* 69, *Cushing* vs. *Gore;* 13 *Pick.* 426, *Little* vs. *Little;* 2 *D. & E.* 101, *Toussaint* vs. *Martinnant; Ditto* 640, *Martin* vs. *Court.*

*Farley, & Brown,* for the subsequent attaching creditors. We do not consider a bare liability a good consideration.

This note was given two or three years after the bond was executed. There must be, at the time of the giving the note, an assumption of debt, in order to constitute a consideration.

The party must stand in such a situation as that the surety may assume the liability; but that is not so in this case. The consideration is not good until the surety pays the debt, or discharges the principal from his liability. 2 *Stark. Ev.* 99; 4 *Greenl. R.* 202, *Howe* vs. *Ward;* 6 *Ditto* 79, *Ingalls* vs. *Dennett;* 7 *Ditto* 348, *Clark* vs. *Foxcraft;* 6 *Ditto* 332, *McLellan* vs. *Crofton.*

There was here no engagement to indemnify beyond the amount of the money recovered. There must be a recovery of money before the plaintiffs are liable on this promise. They should not be permitted to take such a security. It tends to mislead creditors, and is against the policy of law. There is an absolute promise, but the liability which forms the consideration is conditional.

In Massachusetts such note may stand as security, and the payee take judgment for the amount paid before judgment.

But the rule of law on this subject is not yet settled, and it is important that it should be decided correctly. Dane, in his Digest, condemns the decision in Massachusetts decidedly. No one but the parties knows what the note is given for. It may be to a much greater amount than the liabilities. When others come in, the party is permitted to purge the fraud by showing what the note is given for.

We apprehend that before the case in the 15th Mass. Reports, there was no case, except one in Durnford & East, in which the indemnifying obligation did not express the terms on which it was given.

PARKER, C. J. When this case was first opened, in the common pleas, I had great doubts whether the plaintiffs could sustain their action, against the rights of other creditors who had made subsequent attachments upon the same property. The plaintiffs, upon the execution of the note, had in fact no debt against the defendant, such as appeared, on the face of the note itself, to exist; and it is very clear that securities of this kind are not the most appropriate evidences of contracts to indemnify the payee, for an existing liability as a surety for the maker. Purporting, as it does, upon its face, to be an absolute contract for the payment of the sum of money therein specified, and to be evidence of an existing debt to that amount, a note is objectionable on account of the use which may be made of it, to deceive other creditors, who have ordinarily but limited means of knowledge, and proof, respecting its true consideration. A mortgage would, undoubtedly, better exhibit the true state of the case.

But on the other hand, if a mortgage has not been given, justice may be promoted by permitting a surety to take from his principal some obligation, upon which he may acquire a lien upon the property of the principal, and provide security for his indemnity, in case of need, before he has actually been compelled to pay the money. And securities for this purpose appear, from the authorities cited, to have been sanc-

tioned in England, and Massachusetts.    13 *Pick. R.* 426,
*Little* vs. *Little ;* 15 *Mass. R.* 72 ; 2 *D. & E.* 104, 105 ;
*Ditto* 640.

We do not perceive any solid ground of distinction, where
the payee is surety in an administration bond, and where
he is surety in some obligation, in terms for the payment of
money.    A liability of one kind is as meritorious  as the oth-
er.    The result in both, if enforced against the surety, is to
compel him to pay a sum of money.

It may, perhaps, be said, that the true ground of the defence
is want or failure of consideration ; for if there is a sufficient
consideration for the promise to pay a sum of money, there
is no fraud in executing a note promising to pay it.    And
if a liability as surety may be held to be a good considera-
tion for a note, the consideration must remain good to the
extent of the money which has subsequently been paid
upon the liability.    In this case the sum of $2·000 was paid
by the plaintiff, upon the liability, before the trial.    If the lia-
bility itself was a sufficient consideration to uphold the note,
as a cause of action, when it was executed, either upon the
express, or an implied, promise of the payee, it must be held
good to the amount of the payment which has been made.
To that extent the consideration, certainly, has not failed.
On the contrary, it has been perfected, if that term is admis-
sible.  Beyond the amount which has been paid, or which the
payee has assumed, absolutely, before the judgment, the con-
sideration must be deemed to have failed.    13 *Pick. R.* 426.

There is, perhaps, no sufficient objection to holding, that
an existing, continuing liability, as surety for another, is such
a damage to the party that it will form a sufficient conside-
ration for a promissory note.    It is clearly a good considera-
tion for a mortgage, and it has been held a sufficient consid-
eration to sustain an absolute conveyance.    5 *N. H. Rep.*
81, *Buffum* vs. *Green.*

There is undoubtedly something anomalous in sustaining
an action upon a note for a large sum, which on the institu-

tion of the suit did not entitle the payee to any judgment for damages, or at most only to nominal damages, and in rendering judgment for the plaintiff to recover money which he has paid, or assumed to pay, subsequent to the institution of the suit.

But the precedents which have been cited in Massachusetts justify such a course, and the objections to it do not appear sufficient to require us to adopt a different principle.

*New trial granted.*